**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| **In re:** | **Case No. 18-50785** |
| **LYNWOOD HOLDINGS, INC.[1]<br>A WYOMING CORPORATION** | **Chapter 11**<br><br>**Judge Rebecca Connelly** |
| **In re:** | **Case No. 18-50784** |
| **LYNWOOD HOLDINGS INC.[2]<br>A VIRGINIA CORPORATION** | **Chapter 11**<br><br>**Judge Rebecca Connelly** |

**DEBTORS' MOTION FOR JOINT ADMINISTRATION/PROCEDURAL
CONSOLIDATION OF RELATED CHAPTER 11 CASES
AND MEMORANDUM IN SUPPORT THEREOF**

The above captioned debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby move the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1, directing the joint administration/procedural consolidation of the Debtors' chapter 11 cases, and in support thereof, respectfully represent as follows:

**Jurisdiction and Venue**

1. On or about August 31, 2018 (the "Petition Date"), Lynwood Holdings, Inc., a

---

[1] The Debtor's principal place of business as of the petition date is 22 West Duck Street, Front Royal, Virginia 22630 and the Debtor's EIN is 52-2156109.

[2] The Debtor's principal place of business as of the petition date is 22 West Duck Street, Front Royal, Virginia 22630 and the Debtor's EIN is 26-2007198.

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Proposed Counsel for the Debtors*

Wyoming corporation, and Lynwood Holdings Inc., a Virginia corporation, commenced their reorganization cases by each filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code").

2. The Debtors are continuing in possession of their properties and are operating and managing their businesses, as a Debtors-in-Possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code

3. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### The Debtors' Business and Background

4. Lynwood Holdings, Inc., a Wyoming corporation is the record owner of certain real property and improvements thereon commonly referred to as 22 and 30 West Duck Street, Front Royal, Virginia 22630 (the "Real Property"). Unfortunately, on or about October 28, 2014, Lynwood Holdings, Inc., a Wyoming corporation was administratively dissolved. After unsuccessful attempts to reinstate, a similar entity was formed in Virginia. Said entity is Lynwood Holdings Inc., a Virginia corporation. The intent was for Lynwood Holdings Inc., a Virginia corporation, to own the Real Property, but said intent was neither legally documented nor recorded in requisite land records.

5. The sole share holder of both Lynwood Holdings, Inc., a Wyoming corporation, and Lynwood Holdings Inc., a Virginia corporation, is Walt L. Moyer ("Mr. Moyer"), who himself has previously filed for bankruptcy protection. A related entity also sought bankruptcy protection. Unfortunately, due to miscommunications and/or misunderstandings between client and counsel, the bankruptcy filings for the individual were not complete. Tavenner & Beran has

2

informed Mr. Moyer, Lynwood Holdings, Inc., a Wyoming corporation, and Lynwood Holdings Inc., a Virginia corporation, of the need to provide this Court with complete and correct information. Mr. Moyer, Lynwood Holdings, Inc., a Wyoming corporation, and Lynwood Holdings Inc., a Virginia corporation, have committed to provide accurate and complete information to this Court in connection with this bankruptcy case.

6. Most, if not all, of the Debtors' financial issues are related to a dispute with a secured creditor[3] who also has served as a business partner to Mr. Moyer, the Debtors, and/or related entities. The Debtors believe they have the ability to successfully reorganize.

7. Unfortunately, certain of the Debtors', and/or related entities, books and records may be in the possession of that secured creditor who also has served as a business partner to Mr. Moyer, the Debtors, and/or related entities. The Debtors will, if appropriate, amend and/or otherwise correct any information provided to the Court upon receipt of these records.

### Relief Requested

8. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates."

9. The joint administration/procedural consolidation of the Debtors' chapter 11 cases will permit the Office of the Clerk of the Court (the "Clerk's Office") to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that many notices, applications, motions, other pleadings and orders in these cases will affect both of the Debtors. Joint

---

[3] By such description the Debtors' are not conceding the legal status of the creditor and/or the underlying claims and specifically reserve all rights related thereto.

administration/procedural consolidation will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the documents that will be filed and served in these cases. Joint administration/procedural consolidation also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in both of these cases.

10. In addition, the Debtors respectfully request that parties in interest be required to include only the Debtors' names and case numbers in the jointly administered/procedurally consolidated caption in these cases. Further, for all pleadings, parties in interest should only be required to indicate in the caption that the pleading relates to "Lynwood Holdings Inc., *et al*." as indicated on Exhibit A attached hereto.

11. If motions, applications, orders or other pleadings relate only to one of the Debtors, parties in interest should clearly identify the specific Debtor involved in the text of the applicable Pleading.

12. Because these cases involve two (2) Debtors, the entry of an order of joint administration/procedural consolidation will reduce the volume of pleadings that otherwise would be filed with the Clerk's Office, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. Accordingly, the Debtors seek the Court's authorization to file only one pleading on the primary docket (presumed to be the Lynwood Holdings Inc. docket, Case No. 18-50784).

**Legal Authority**

13. An order of joint administration/procedural consolidation relates to the routine administration of a case and may be entered by the Court in its sole discretion on an ex parte

basis. Moreover, the entry of joint administration orders in related cases such as these is common and generally noncontroversial.

14. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, providing for the joint administration/procedural consolidation of the Debtors' chapter 11 cases.

### Notice

15. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases.

16. Notice of this Motion will be given to the Office of the United States Trustee, parties identified on the Court's mailing matrix in both cases, and all parties requesting service of pleadings who receive ECF notification in these cases. The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

WHEREFORE, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit B: (i) authorizing the joint administration/procedural consolidation of the above-captioned chapter 11 cases; (ii) directing that only the legend "Lynwood Holdings Inc., *et al.*," be included in the caption for pleadings filed in such cases; (iii) approving the proposed forms of captions set forth on Exhibit A attached hereto; (iv) authorizing parties to file one pleading in Lynwood Holdings Inc., Case No. 18-50784 docket for matters affecting the Debtors; and (v) granting such other and further relief as the Court may deem appropriate under the circumstances.

Respectfully submitted,

LYNWOOD HOLDINGS, INC. and
LYNWOOD HOLDINGS INC.

Dated: August 31, 2018  By: */s/ Lynn L. Tavenner*
     Richmond, Virginia  Lynn L. Tavenner, Esquire (VSB No. 30083)
ltavenner@tb-lawfirm.com
Paula S. Beran, Esquire (VSB No. 34679)
pberan@tb-lawfirm.com
David N. Tabakin, Esquire (VSB No. 82709)
dtabakin@tb-lawfirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Proposed Counsel for the Debtors*

**Certificate of Service**

I hereby certify that on the 31st day of August, 2018, a true and correct copy of the foregoing Motion was served via electronic delivery and/or first-class mail, postage prepaid, to the Office of the United States Trustee, parties identified on the Court's mailing matrix in both cases, and all parties requesting service of pleadings who receive ECF notification in this case (all as listed on Schedule A attached hereto).

*/s/ Lynn L. Tavenner*
Proposed Counsel

# SCHEDULE A

| | | |
|---|---|---|
| Lynwood Holdings, Inc.<br>22 West Duck Street<br>Front Royal, VA 22630-4605 | Andrew P. Hill, Esquire<br>McCarthy & Akers PLC<br>302 W Boscawen Street<br>Winchester, VA 22601-3810 | County of Warren<br>c/o Sherry T. Sours, MCR<br>220 N Commerce Avenue, Suite 900<br>Front Royal, VA 22630-4216 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>c/o Assistant A.G. for Admin.<br>950 Pennsylvania Ave. N.W. Rm 1111<br>Washington, DC 20530-0009 | John Clarke Holman<br>499 Joy Springs Road<br>Front Royal, VA 22630-5289 |
| MM Motorcars Limited LLC<br>c/o Cambridge Wealth Management LLC<br>6016 Lee Highway<br>Warrenton, VA 20187-7257 | Moyer Motor Cars, Inc.<br>c/o Walt L. Moyer, RA<br>276 W. Criser Road<br>Front Royal, VA 22630-2305 | Thomas T. Cullen, Esquire<br>Federal Courthouse Building<br>116 North Main Street, Room 130<br>Harrisonburg, VA 22802-3832 |
| Town of Front Royal, Virginia<br>B.J. Wilson, Director of Finance<br>P.O. Box 1560<br>Front Royal, VA 22630-0033 | USTrustee<br>Office of the United States Trustee<br>210 First Street, Suite 505<br>Roanoke, VA 24011-1620 | Virginia Department of Taxation<br>P.O. Box 2156<br>Richmond, VA 23218-2156 |
| Walt L. Moyer<br>276 W. Criser Road<br>Front Royal, VA 22630-2305 | | |

**EXHIBIT A**

[Proposed Form of Caption]

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| **In re:** | **Case No. 18-50784** |
| **LYNWOOD HOLDINGS INC., et al.** | Chapter 11<br>**(Procedurally consolidated)** |
| | **Judge Rebecca Connelly** |

**[TITLE OF PLEADING OR OTHER DOCUMENT]**

---

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Proposed Counsel for the Debtors*                    1

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| **In re:** | **Case No. 18-50785** |
| **LYNWOOD HOLDINGS, INC.[1]** **A WYOMING CORPORATION** | **Chapter 11** |
| | **Judge Rebecca Connelly** |
| **In re:** | **Case No. 18-50784** |
| **LYNWOOD HOLDINGS INC.[2]** **A VIRGINIA CORPORATION** | **Chapter 11** |
| | **Judge Rebecca Connelly** |

---

[1] The Debtor's principal place of business as of the petition date is 22 West Duck Street, Front Royal, Virginia 22630 and the Debtor's EIN is 52-2156109.

[2] The Debtor's principal place of business as of the petition date is 22 West Duck Street, Front Royal, Virginia 22630 and the Debtor's EIN is 26-2007198.

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Proposed Counsel for the Debtors*              1

**ORDER DIRECTING JOINT ADMINISTRATION/PROCEDURAL
CONSOLIDATION OF RELATED CHAPTER 11 CASES**

This matter came before the Court on the Debtors' Motion for Joint Administration/Procedural Consolidation of Related Chapter 11 Cases and Memorandum in Support Thereof (the "Motion"). The Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) the Debtors are "affiliates" within the meaning of § 101(2) of the Bankruptcy Code, 11 U.S.C. § 101(2), and (e) the joint administration/procedural consolidation of the Debtors' cases is appropriate pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; it is hereby

ORDERED as follows:

1. The Motion is hereby GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

3. The above-captioned chapter 11 cases are hereby administered jointly/procedurally consolidated under Case No. 18-50784. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> "An order has been entered in this case directing the joint administration/procedural consolidation of the chapter 11 cases of Lynwood Holdings Inc., a Virginia corporation, and Lynwood

2

      Holdings, Inc., a Wyoming corporation. The docket in Case No. 18-50784 should be consulted for all matters affecting these cases."

4. Motions, applications, orders or other pleadings (collectively, "Pleadings") relating to any and/or all of the Debtors are required to bear a caption in the form of the jointly administered/procedurally consolidated caption set forth on Exhibit A to the Motion and incorporated herein by reference. For Pleadings that relate only to some of the Debtors, parties in interest are directed to clearly identify the specific Debtor or Debtors involved in the text of the applicable Pleading.

5. Upon entry the Clerk shall forthwith provide a copy of this Order to counsel for the Debtors, who shall serve (by electronic delivery, first class mail, postage prepaid or overnight delivery) copies of this Order on any of the following who have not otherwise received a copy of this Order through the Court's ECF option: the Office of the United States Trustee, the Debtors' unsecured creditors as identified in their chapter 11 petitions, the Debtors' known secured creditors and any known legal counsel for the secured creditors.

**END OF ORDER**

I ask for this:

_____
Lynn L. Tavenner, Esquire (VSB No. 30083)
ltavenner@tb-lawfirm.com
Paula S. Beran, Esquire (VSB No. 34679)
pberan@tb-lawfirm.com
David N. Tabakin, Esquire (VSB No. 82709)
dtabakin@tb-lawfirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Proposed Counsel for the Debtors*

## Certification

I hereby certify that the foregoing proposed Order has either been served upon and/or endorsed by all necessary parties.

_____
Proposed Counsel

4